FILED
U.S. District Court
District of Kansas
01/26/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONY TREMAYNE LEWIS,

      **Plaintiff,**

v.                                                             CASE NO. 25-3271-JWL

JEFF ZMUDA, et al.,

      **Defendants.**

**MEMORANDUM AND ORDER**

      Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On January 16, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") granting Plaintiff until February 17, 2026, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file an amended complaint to cure the deficiencies. This matter is before the Court on Plaintiff's Motion for Injunctive Relief (Doc. 8) and Motion for Extension of Time (Doc. 9).

**I. Motion for Injunctive Relief**

      Plaintiff alleges that shortly after he notified prison officials that he was filing another civil suit, he was transferred to worse conditions at HCF, and that his legal box was held hostage for about two weeks after his transfer. (Doc. 8, at 1.) He claims that his legal box held all of the legal material in connection with filing this case. *Id*. Plaintiff claims that when he received his legal box back, he discovered that there were "Exhibits and intellectual properties missing." *Id*. Plaintiff also alleges that his television was taken away "in contravention to state law." *Id*. (citing IMPP 12-

120A). Plaintiff also alleges that he was moved to a unit that does not provide a Lexis Nexis tablet. *Id*.

Plaintiff alleges that at his segregation review board hearing on December 16th, he asked to be transferred. He claims that the board agreed and assured Plaintiff that he would be transferred to either Lansing's or Larned's RHU. *Id*.

Plaintiff claims that he submitted a motion for injunctive relief for e-filing on December 17, and it was never e-filed or returned to Plaintiff. *Id*. at 1–2. Plaintiff alleges that this caused him to suffer longer and required him to file another motion. *Id*. at 2.

Plaintiff states that injunctive relief is needed to prevent further negligence and retaliation. *Id*. Plaintiff seeks to have this Court order Defendant Zmuda to transfer Plaintiff to the Restrictive Housing Unit at either Larned or Lansing Correctional Facility. *Id*. Plaintiff also seeks an order requiring Defendant Dan Schnurr to comply with IMPP 12-120A by allowing use of purchased televisions. *Id*. Lastly, Plaintiff seeks an order requiring Defendant Matthew Moore to e-file all submitted motions by pro se litigants within 48 hours of receiving it, and to return the submitted legal material "promptly." *Id*.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v.*

*Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

Plaintiff seeks an order requiring his transfer to another facility and requiring staff to e-file all submissions within 48 hours.  Plaintiff also seeks to have use of his television.[1]  A federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation.  18 U.S.C. § 3626(a)(2).  Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above.  *Little*, 607 F.3d at 1251.  Because preliminary injuctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief."  *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

Plaintiff states that injunctive relief is needed to prevent further negligence and retaliation.[2]  Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future.  "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."  *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).  A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries.  One will not be granted against something merely feared

---

[1]  Although Plaintiff alleges that prison policies require staff to allow him to use his television, the violation of a prison regulation does not state a constitutional violation unless the prison official's conduct "failed to conform to the constitutional standard."  *Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (internal quotation marks omitted) (holding prisoner must establish that violation of a prison policy necessarily stated a constitutional violation).

[2]  The Court found in the MOSC that Plaintiff's retaliation claim is subject to dismissal for failure to allege adequate facts in support.  (Doc. 7, at 17–18.)

as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal. Plaintiff's motion for preliminary injunctive relief is denied.

## II.  Motion for Extension of Time

Plaintiff seeks an extension of time until February 12, 2026, to submit his 6-month account statement. (Doc. 9, at 1.) Plaintiff alleges that there was a delay in receiving the Court's Notice of Deficiency regarding his failure to provide an updated account statement. *Id*.

On December 12, 2025, the Court issued a Notice of Deficiency due to Plaintiff's failure to provide an account statement for the appropriate 6-month period. (Doc. 4, at 1.) The account statement submitted by Plaintiff was not for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2). The Court subsequently granted Plaintiff's motion for leave to proceed in forma pauperis and used the 6-month account statement supplied by Plaintiff to calculate an initial partial filing fee. (Doc. 6.)

The Court will grant Plaintiff's motion to the extent that he is granted until February 12, 2026, in which to supply the Court with a 6-month account statement for the period immediately preceding the filing of his Complaint. If the corrected account statement is provided to the Court, the Court may recalculate Plaintiff's initial partial filing fee. If Plaintiff does not provide an updated account statement by the deadline, the Court's assessment of an initial partial filing fee in the amount of $21.50 will stand.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Injunctive Relief (Doc. 8) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 9) is **granted** to the extent that Plaintiff is granted until **February 12, 2026**, in which to supply the Court with a 6-month account statement for the period immediately preceding the filing of his Complaint.

**IT IS SO ORDERED**.

Dated January 26, 2026, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**