IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONY TREMAYNE LEWIS,

    **Plaintiff,**

v.                                                   CASE NO. 25-3271-JWL

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On January 16, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") granting Plaintiff until February 17, 2026, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file an amended complaint to cure the deficiencies. The MOSC also denied Plaintiff's motion for appointment of counsel. This matter is before the Court on Plaintiff's Motion for Reconsideration for Appointment of Counsel (Doc. 12).

Plaintiff argues that the Court should appoint counsel for him because he is housed in the RHU and has limited ability to investigate and research laws at the law library. (Doc. 12, at 1.) Plaintiff claims that he needs assistance with discovery, interviewing witnesses, taking depositions, and obtaining documents/records. *Id*. at 1–2.

The Court considered Plaintiff's prior motion for appointment of counsel (Doc. 3) and denied the motion without prejudice to refiling the motion "if this matter survives screening." (Doc. 7, at 21.) This matter has not survived screening. In fact, it is subject to dismissal with Plaintiff required to show good cause why his Complaint should not be dismissed for the reasons

1

set forth in the MOSC or to file an amended complaint to cure the deficiencies. Although Plaintiff has filed a response (Doc. 11), he has not submitted an amended complaint. The deadline to do so is February 17, 2026. If Plaintiff does not file an amended complaint by the deadline, the Court will review Plaintiff's response to determine whether or not he has shown good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

The Court denies Plaintiff's request to reconsider the appointment of counsel. The Court concluded in the MOSC that: "(1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments." (Doc. 7, at 21.) This reasoning still applies. To the extent Plaintiff is concerned about his ability to conduct discovery without counsel, the Court advised him in the MOSC that "[i]f Plaintiff was attempting to obtain discovery for Count III in this case, any attempt at discovery is premature before his case has passed screening." *Id*. at 13. Plaintiff's motion seeking reconsideration of the Court's denial of appointment of counsel is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration for Appointment of Counsel (Doc. 12) is **denied.**

**IT IS SO ORDERED**.

Dated February 11, 2026, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
